**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

LEONARD WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted:  May 31, 2019
Date Decided:  June 20, 2019

Frank E. Noyes II, Esquire
Offit Kurman, P.A.
1201 North Orange Street, Suite 7257
Wilmington, DE 19801

David L. Finger, Esquire
Finger & Slanina, LLC
One Commerce Center
1201 North Orange Street, 7th Floor
Wilmington, DE 19801

RE:  ***Eagle Force Holdings, LLC, et al. v. Stanley V. Campbell***
Civil Action No. 10803-VCMR

Dear Counsel:

This letter opinion addresses Defendant Stanley Campbell's Motion for Certification of an Interlocutory Appeal and a Stay of This Court's Orders Dated April 23 and May 17, 2019.

## I.    BACKGROUND

On September 14, 2018, Plaintiffs filed their Motion for Contempt – Seeking Order Directing Campbell to Return Funds Taken from EagleForce Associates, Inc. During Appeal Period (the "Motion for Contempt").  The Motion for Contempt alleged that Campbell violated the July 23, 2015 Order Granting Plaintiff's Petition

for Interim Relief (the "Status Quo Order").  On April 23, 2019, the Court held that the Status Quo Order bound Campbell during the appeal period and ordered the parties to inform the Court whether they would require an evidentiary hearing.  On May 10, 2019, the Court granted the parties' stipulated proposed order wherein the parties agreed that (1) they did not require an evidentiary hearing on the Motion for Contempt and (2) Campbell must disgorge to EagleForce Associates, Inc., the amount of $1,097,558.47.  On May 17, 2019, the Court ordered Campbell to disgorge the agreed-upon amount to EagleForce Associates, Inc., within twenty days from the date of the order.

On May 31, 2019, Campbell filed his Motion for Certification of an Interlocutory Appeal and a Stay of This Court's Orders Dated April 23 and May 17, 2019 ("Motion for Certification" or "Motion for Stay").  On June 12, 2019, Campbell filed a letter to the Court requesting that the Court consider Plaintiffs' response waived.  Campbell explained that under Supreme Court Rule 42, Plaintiffs' response was due on June 10 and Plaintiffs did not file a response or request an extension by that date.

## II.  ANALYSIS

### A.  Motion for Certification

Supreme Court Rule 42 governs interlocutory appeals.  An interlocutory appeal protects the right of litigants to review of a decision that may substantially damage those litigants' interests and may damage the interests of justice before final judgment.  Rule 42, however, limits the availability of interlocutory appeals because they "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[1]  To balance these interests, Rule 42 demands a strict analysis by the trial court.  The trial court may not certify an interlocutory appeal "unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[2]

In determining whether to certify an order for interlocutory appeal, the trial court must consider eight factors identified in Rule 42(b)(iii); make "its own assessment of the most efficient and just schedule to resolve the case"; and decide whether "the likely benefits of interlocutory review outweigh the probable costs."[3]

---

[1]  Supr. Ct. R. 42(b)(ii).

[2]  Supr. Ct. R. 42(b)(i).

[3]  Supr. Ct. R. 42(b)(iii).

"If the balance [of benefits and costs] is uncertain, the trial court should refuse to certify the interlocutory appeal."[4]

The April 23, 2019 order held that Campbell was bound by the Status Quo Order during the appeal period because the Supreme Court had reversed this Court's September 1, 2017 post-trial memorandum opinion. Campbell argues that this holding addressed an issue of first impression in the State of Delaware: whether a party is bound by an interlocutory order during the period between post-trial judgment and reversal of that judgment. This order, however, did not decide a substantial issue of material importance because it did not "speak[] directly to the merits of the plaintiffs' claims."[5] Even if it did address a substantial issue of material importance and satisfy Rule 42(b)(iii)(A) relating to issues of first impression, in light of this case's current procedural posture, the probable costs of interlocutory appeal outweigh the likely benefits. This case is on remand. The parties have submitted all briefing; the Court held the related hearing; and this matter is under

---

[4]     *Id.*

[5]     *Scott Sider v. Hertz Glob. Hldgs, Inc.*, 2019 WL 2501481, at *4 (Del. Ch. June 17, 2019); *accord State of Del., Dep't of Fin. v. UNIVAR, Inc.*, 2019 WL 2513772, at *2 (Del. June 18, 2019) (TABLE); *TowerHill Wealth Mgmt, LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008).

advisement. The Court will issue its final order in a matter of weeks. Given the subject of the interlocutory appeal and the anticipated timing of the final order, piecemeal litigation, even to address an issue of first impression, is not in the interests of justice. Therefore, this issue does not merit interlocutory appellate review. The most efficient and just schedule to consider an appeal of the April 23 and May 27, 2019 orders would be to do so in conjunction with appellate review of the final order, if any of the parties elects to pursue that course of action.

Alternatively, certification of interlocutory appeal is inappropriate because Campbell's motion is untimely. Rule 42(c) delineates the procedure for certification of interlocutory appeals in the trial court:

> (i) *Application.* —Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.
>
> (ii) *Response.* —An opposing party shall have 10 days . . . after such service within which to serve and file a written response . . . ;
>
> (iii) *Action by trial court.* —Within 10 days after filing of the response or, if there is none, within 20 days after filing the application, the trial court shall enter an order certifying or refusing to certify the interlocutory appeal . . . .

Three orders, taken together, resolve Plaintiffs' Motion for Contempt. Those orders are dated April 23, May 10, and May 17, 2019. Campbell seeks to appeal the holding of the April 23 order. Rule 42(c)(i) requires that the party file and serve "within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown." The latest date Campbell could possibly use to calculate the deadline for his application is May 17, 2019, the date of entry for the last of the three orders. This date sets a deadline of May 28, 2019, for Campbell's application. Campbell filed the Motion for Certification on May 31, 2019.

Campbell argues that his motion is timely because the April 23 order is not final until the Court resolves Plaintiffs' pending application for fees incurred in connection with the Motion for Contempt. Campbell's argument fails. An interlocutory order, by its very definition, is not a final order. Additionally, a pending request for award of attorneys' fees does not delay the time within which a party must file an application for certification of an interlocutory appeal.[6]

---

[6] *See Salzberg v. Sciabacucchi*, 204 A.3d 841, 2019 WL 549039 (Del. Feb. 12, 2019) (TABLE) (in the context of a final order, holding that an appeal filed before resolution of the related motion for attorneys' fees is an interlocutory appeal); *Black v. Staffieri*, 2013 WL 1045221 (Del. Mar. 13, 2013) (TABLE) (same).

Campbell, through his counsel, raises Rule 42(c) and the issue of timeliness in his June 12 letter with regard to Plaintiffs' response. Campbell, however, fails to apply the same rule to his own Motion for Certification. Although Rule 42(c)(i) allows an enlargement of time "for good cause shown," Campbell fails to make any argument to show good cause, either in the Motion for Certification or in the June 12 letter. Without Campbell's showing of good cause, this Court cannot extend the time within which Campbell was to file the Motion for Certification.

For these reasons, the Motion for Certification is denied.

## B. Motion for Stay

Campbell also seeks a stay pending appeal under Supreme Court Rule 32 and Court of Chancery Rule 62, which I address for sake of completeness. The Supreme Court, of course, may accept an interlocutory appeal and stay this matter, but I am unpersuaded that a stay is warranted.

Court of Chancery Rule 62(d) governs a motion for a stay pending appeal and provides that "[s]tays pending appeal . . . shall be governed by article IV, § 24 of the Constitution of the State of Delaware and by the Rules of the Supreme Court." Supreme Court Rule 32(a) provides that

> [a] motion for stay must be filed in the trial court in the
> first instance. The trial court retains jurisdiction over the

initial motion and must rule on the initial motion regardless of whether the case is on appeal to this Court. A stay or an injunction pending appeal may be granted or denied in the discretion of the trial court, whose decision shall be reviewable by this Court. The trial court or this Court, as a condition of granting or continuing a stay or an injunction pending appeal, may impose such terms and conditions, in addition to the requirement of indemnity, as may appear appropriate in the circumstances.

In *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Commission*, the Supreme Court identified four factors to guide a trial court when exercising its discretion under Supreme Court Rule 32(a): (1) "a preliminary assessment of likelihood of success on the merits of the appeal," (2) "whether the petitioner will suffer irreparable injury if the stay is not granted," (3) "whether any other interested party will suffer substantial harm if the stay is granted," and (4) "whether the public interest will be harmed if the stay is granted."[7] The trial court must "consider all of the relevant [*Kirpat*] factors together to determine where the appropriate balance should be struck."[8]

---

[7]    741 A.2d 356, 357 (Del. 1998).

[8]    *Id.*

The first factor, the "likelihood of success on appeal," is not to be interpreted "literally or in a vacuum when analyzing a motion for stay pending appeal."[9] In *Kirpat*, the Delaware Supreme Court reversed the denial of a stay pending appeal because the Court of Chancery focused too narrowly on this factor.[10] Specifically, the Supreme Court reasoned, "[a] motion for stay . . . requires the trial court to analyze the likelihood of success on appeal after the trial court already has considered and issued its final determination on the merits of the case."[11] Therefore, "[r]equiring a literal reading of the 'likelihood of success on appeal' [factor] 'would lead most probably to consistent denials of stay motions . . .' because the trial court would be required first to confess error in its ruling before it could issue a stay."[12] Instead, "[i]f the other three factors strongly favor interim relief, then a court may . . . [grant] a stay if the petitioner has presented a serious legal question that raises a 'fair ground for litigation and thus for more deliberative investigation.'"[13]

---

[9]      *Id.* at 358.

[10]      *Id.* at 357.

[11]      *Id.* at 358 (emphasis omitted).

[12]      *Id.* (quoting *Evans v. Buchanan*, 435 F. Supp. 832, 843 (D. Del. 1977)).

[13]      *Id.* (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)).

Campbell's likelihood of success on appeal is, at best, in equipoise. For the foundation of his Motion for Certification, Campbell challenges the Court's decision in what he purports is an issue of first impression before this Court: "whether a reversal on appeal reinstates interlocutory orders retrospectively so as to subject someone to a potential contempt citation for actions otherwise lawfully taken after being dismissed from the action."[14] Even accepting that the Motion for Certification highlights an issue of first impression and presents a legitimate basis for further litigation of this issue because this is an unsettled issue in Delaware law, Campbell's likelihood of success on appeal is also unsettled.

Further, Campbell does not show any threat of irreparable harm. The May 17 order requires Campbell to disgorge $1,097,558.47 to EagleForce Associates, Inc. Campbell must return funds that he transferred to himself in violation of the Status Quo Order. Returning these funds does not constitute irreparable harm. The remaining two *Kirpat* factors do not alter the outcome in the present circumstances.

In balancing the *Kirpat* factors, even assuming Campbell presents a legal issue that raises a fair ground for litigation, the absence of irreparable harm does not weigh

---

[14]     Def.'s Mot. for Certification ¶ 8.

strongly in favor of granting a stay. Thus, Campbell's motion for a stay is denied. Compliance with the May 17 order is not required until July 5, 2019, leaving Campbell time to seek a stay with the Supreme Court, should the Supreme Court disagree with this ruling.

## III. CONCLUSION

For the foregoing reasons, the Motion for Certification of an Interlocutory Appeal and a Stay of This Court's Orders Dated April 23 and May 17, 2019, is DENIED. An appropriate form of order is attached.

**IT IS SO ORDERED**.

Sincerely,

*/s/ Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

EAGLE FORCE HOLDINGS, LLC, and )
EF INVESTMENTS, LLC, )
           )
           Plaintiffs, )
           )
           v. ) C.A. No. 10803-VCMR
           )
STANLEY V. CAMPBELL, )
           )
           Defendant. )

## ORDER DENYING DEFENDANT LEAVE TO APPEAL FROM INTERLOCUTORY ORDERS

This twentieth day of June 2019, the Defendant Stanley Campbell having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory orders of this Court dated April 23 and May 17, 2019; and the Court having found that (1) such orders lack a substantial issue of material importance that merits appellate review before a final judgment and only one of the criteria of Supreme Court Rule 42(b)(iii) apply, and (2) such application is untimely;

IT IS ORDERED that the Court's orders dated April 23 and May 17, 2019, are hereby not certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

*/s/ Tamika Montgomery-Reeves*
Vice Chancellor